UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARY TRUDEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-03162 (UNA) |
| ) | |
| CAROL DILMORE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the court on plaintiff's application to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a *pro se* complaint, ECF No. 1. The court will grant the IFP application and dismiss the complaint for the reasons explained herein.

Plaintiff Mary Trudel, a resident of Vancouver, Washington, sues many defendants, some named and some unnamed, and only provides addresses for some of the defendants. *See* Compl. at 1–2. Preliminarily, the Local Rules of this court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." LCvR 5.1(c)(1). Consequently, plaintiff has failed to comply with Local Rule 5.1(c)(1).

Plaintiff faces additional hurdles that she cannot overcome. The complaint is difficult to follow and fails to comply with the formatting requirements of Federal Rule of Civil Procedure 10(b). The allegations focus, in large part, on a child welfare and custody determination regarding her daughters, rendered by the Harrisonburg/Rockingham Juvenile and Domestic Relations District Court. *See* Compl. at 2–4. Plaintiff contends that the outcome of those proceedings

resulted from a wide-ranging conspiracy, perjury, and collusion between the Virginia state government and other individuals. *See id*. The remainder of the complaint discusses myriad topics, ranging from communism, personal property theft, accusations of defendants' insanity, and the conditions of Harrisonburg/Rockingham County Jail. *See id.* at 4. Plaintiff demands billions of damages in either "USD or the equivalent in silver or gold," sanctions against defendants, and other injunctive relief. *See id*.

Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Additionally, plaintiff has failed to establish subject matter jurisdiction. *See generally* 28 U.S.C. §§ 1331 and 1332. Insofar as plaintiff contests the custody determinations, any such allegations, as stated, fail to implicate constitutional or federal statutory rights, and as such, should be contested in the relevant local court(s) where the proceedings were initiated. *See Lassiter v.*

*Department of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake); *see also Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (child custody issues uniquely suited to resolution in local courts). "Events may not have unfolded as Plaintiff wished, but h[er] dissatisfaction . . . [does] not form a basis" for a constitutional violation, *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015), and though plaintiff cites to a litany of federal authority, *see* Compl. at 2–3, "federal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)). Moreover, federal district courts lack jurisdiction to review or interfere with judicial decisions by state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

To the extent that plaintiff intends to rely on diversity of citizenship, it is a "well-established rule" that, for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To that end, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) (citation omitted). Thus, "an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). As noted, the citizenship of many of the defendants is entirely unclear. Furthermore, there is a complete absence of any

connection between the intended claims and the District of Columbia. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a).

  For all of the foregoing reasons, this complaint, ECF No. 1, and this case are dismissed. A separate order accompanies this memorandum opinion.


DATE: December 28, 2021        _____/s/_____
                CHRISTOPHER R. COOPER
                United States District Judge